**SKEELS, Plaintiff, PAULUS, Defendant.**

Common Pleas Court, Tuscarawas County.

No. 27552.   Decided December 21, 1945*

Footnote:—No appeal taken.

Fisher, Limbach, Smith & Renner, New Philadelphia, for plaintiff.

J. S. Hare, New Philadelphia, for defendant.

## OPINION

By LAMNECK, J.

At the election on November 6, 1945, the names of R. A. McCullough and Clifford Paulus were printed on the official non-partisan ballot for the office of township trustee in Union Township, Tuscarawas County, Ohio. Two trustees were to be elected for the term of four years beginning January 1, 1946.

At the aforesaid election one Thomas Blair Skeels was also a candidate for township trustee by the "write in" method

and received votes at said election. On the regular official count of the County Board of Elections, Thomas Blair Skeels was held to have received 56 votes, R. A. McCullough 52 votes, and Clifford Paulus 52 votes.

Thereafter on the 19th day of November, 1945, in the manner provided by law it was determined by lot that R. A. McCullough had been elected over Clifford Paulus. On the same day said Clifford Paulus demanded a recount of the votes cast in both precincts in said township at said election, and as a result of the recount the Board of Elections found that Clifford Paulus had received 52 votes, R. A. McCullough 54 votes, and Thomas Blair Skeels 51 votes. Following this the Board of Elections issued certificates of election to R. A. McCullough and Clifford Paulus.

Thomas Blair Skeels thereafter on November 27, 1945, filed a petition in this court contesting the election of said Clifford Paulus, naming the aforesaid Clifford Paulus as a party, defendant, and that is the matter now before the court.

By reason of the pleadings all of the ballots in both the north and south precincts were offered in evidence making it incumbent upon the court to pass on every ballot cast in said election.

An examination of all the ballots cast in both precincts for township trustee at said election reveals that R. A. McCullough received 30 votes in the north precinct and 24 votes in the south precinct, making a total of 54 votes. Clifford Paulus received 25 votes in the north precinct and 27 votes in the south precinct, making a total of 52 votes. Thomas Blair Skeels received 19 votes in the north precinct and 24 votes in the south precinct, about which there is and could be no dispute.

The Election Board in its recount counted the following ballots for Mr. Skeels:

(1) The name of Mr. Skeels written in sufficiently definite to identify him as the candidate with no other candidate marked on one ballot in each precinct.

(2) Two ballots in each precinct properly marked for Mr. McCullough, but with the name of Mr. Skeels written in sufficiently definite to identify him as the candidate with no cross mark before his name.

(3) The name "Tom Skeels" written in with a cross mark before this name in the proper place with no other candidate marked on one ballot in the north precinct.

(4) The name "Tom Skeels" written in but no cross

mark appearing in front of the name, and no other candidate voted for on one ballot in the north precinct.

There are six ballots about which there is a serious dispute, two cast in the north precinct, marked for identification as exhibits "A" and "B", and four cast in the south precinct marked for identification exhibits "H", "I", "J" and "K". On the ballot marked exhibit "A" the voter wrote in "Mr. Skells" with black lead pencil in the proper blank space and placed a cross mark to the left in the space provided for that person. No other candidate was voted for. On exhibit "B" the name "T. B. Skeels" was written in with black lead pencil in the same space where the name of "Clifford Paulus" was printed, but below the name of "Clifford Paulus", and a cross mark was placed directly opposite the name of "T. B. Skeels" in the blank space to the left of his name, although this was the same blank space opposite the name of Clifford Paulus. A cross mark in the proper space was also placed opposite the name of R. A. McCullough on this ballot. On exhibit "H" the printed names of "R. A. McCullough" and "Clifford Paulus" were crossed out by the voter and the name "Tomy Skeels" was written in with black lead pencil in a proper space with a cross mark placed opposite this name in the proper space. On exhibit "I" a cross mark in the proper space was placed opposite the name of candidate R. A. McCullough. In a proper space the name "G. Skeels" was written in with a black lead pencil and opposite this name in the space provided for that purpose a cross mark was properly made. On exhibit "J" a cross mark was made opposite the name of candidate R. A. McCullough in the proper space and the name "Mr. Skeels" was written in with black lead pencil in a proper space with a cross mark in black lead pencil placed opposite this name. On exhibit "K" the name "Earl Reed" was written in with black lead pencil in a proper space, but a cross mark appeared in the space provided for that purpose opposite both the printed names of R. A. McCullough and Clifford Paulus and also opposite the written name of "Earl Reed".

The Board of Elections in the recount did not count any one of the aforesaid six ballots for the contestor.

The evidence is clear and convincing in this case that no other person with the surname of "Skeels" except the contestor, Thomas Blair Skeels, and his wife has resided in Union Township for many years, and that there is no person residing in said township with the surname of "Skells".

Since exhibit "K" has three candidates voted for in the

specific manner provided by law when only two were to be elected, no further consideration need be given to this ballot as the intention of the voter cannot be determined therefrom.

This contest depends upon how many of thirteen ballots if any shall be counted for the contestor. These ballots for the purpose of discussion may be classified as follows:

1. Two ballots with the name of the contestor sufficiently definite written in a proper space with no cross mark before his name, and no other candidate voted for.

2. Four ballots properly marked for one other candidate with the name of the contestor sufficiently definite written in a proper space with no cross mark before his name.

3. Five ballots properly marked but the name written in not being identical with the name of the contestor.

4. One ballot with a name not identical with the contestor, written in a proper space and no cross mark for any candidate appearing thereon.

Under Section 10 of Amended Substitute Senate Bill No. 216 of the Ninety Sixth General Assembly, which is in effect until December 31, 1947, it is provided that "if the elector desires to vote for a person whose name does not appear on the ticket, he can substitute the name by writing it in the proper place, and making a cross mark in the blank space at the left of the name so written" and under Section 9 of said act it is also provided that "no ballot shall be rejected for any technical error which does not make it impossible to determine the voter's choice."

All of the courts of Ohio have given a liberal interpretation to the laws relative to the casting of ballots, and therefore no ballot shall be rejected for any technical error which does not make it impossible to determine the voter's choice. If the intention of the voter can be determined and in the absence of specific statutory provisions invalidating the ballot, such vote must be counted.

In construing similar sections quoted above, the Supreme Court of this state in the case of **Orewiler v Fisher, 133 Oh St 609,** held that "where names printed on a ballot are not deleted by the elector but an additional name is written in by the elector, with black lead pencil in a blank space provided for such purpose on the ballot, and no cross or other mark is placed opposite any of the names, the ballot should be counted in favor of the candidate whose name was written in since the writing in thereof shows the intention of the voter and the lack of a cross mark is a technical error which should not invalidate the ballot."

This decision makes it clear that the two ballots having the name of the contestor written in a proper space, but no cross marks being made opposite the name of any candidate, must be counted for the contestor.

In the case of **Board of Elections v Henry, 25 Oh Ap 278,** the court makes this observation: "From a reading of this statute, as well as by an application of common sense, it is manifest that, when the voter has written the name upon the ballot, he intends to vote for the person whose name is so written. Strictly and technically speaking the voter should complete the statutory requirements by adding the cross mark. While the cross mark fulfills the statute, it adds little to the evidence of the voter's intention. Where the voter writes the name and omits the cross mark, the case may be likened to that of a voter who makes the first stroke of a cross mark on the printed ticket and fails to get the second stroke across. All voters are not college or professional men, but they have the same right to vote."

Under this decision the four ballots properly marked for one of the candidates, and with no cross mark opposite the name of the contestor which was written in, must be counted for the contestor.

In 18 Amer. Jur. at page 311, the following is cited as the prevailing law: "Although some courts deem themselves bound by a stricter rule, it has been held that a ballot which contains a candidate's surname only may be counted, even though there are other persons in the county having the same surname, where it is shown that there was no other person of such name who was a candidate for the same or any other office. This rule is also followed if only the middle name of the candidate is wrong, if the first name is abbreviated, or if the wrong initials are used. Furthermore, where there are two persons in the same district with the same name, one of them a candidate, and the other not, and there are ballots which do not designate which of these persons is voted for thereon, parol evidence may be received to show for whom the votes were intended."

In 29 Corpus Juris Secundum on Page 265, the decisions of various courts in the several states of the United States are cited as follows: "Generally, however, if the voter's intention can be determined, that intention will not be defeated because of an irregularity in the writing of the candidate's name. Thus ballots have been held not invalidated because the voter misspelled the candidate's name or address, as where the error was so slight and of such a nature as to ren-

der the name as written within the scope of the doctrine of idem sonans; or because the voter wrote some other or slightly different name of like or similar pronunciation, as where there is a clear relation between the appearance or sound of the name written in and that of the candidate and only one man of a particular name is a candidate for the office; or where the voter. omitted the candidate's initial or employed a wrong initial, or wrote the candidate's initials in place of his given name, or wrote only the candidate's last name, there being no other candidate of the same name to be voted for."

In view of these pronouncements of the law, and since there is no other person in Union Township with the surname of "Skeels" except the contestor and his wife, and no person with the surname of "Skells", and since an active campaign was waged in behalf of the contestor for the office of township. trustee prior to the election, the court can come to no other conclusion, then that a voter intended to vote for the contestor when he wrote in words similar to his real name whether he wrote in "T. B. Skeels", Tom Skeels", "Tomy Skeels", "B. Skeels", "G. Skeels", "Mr. Skeels", or "Mr. Skells".

The fact that a voter wrote in the name of the contestor in the same space where the printed name of another candidate appeared is a mere technical error which does not invalidate the ballot as a vote for the contestor, since it is clear that the voter intended to vote for the contestor, else he would not have written in his name, (State v. Conser, 5 O. C. C. (N. S.) 119).

The court therefore holds that the contestor received a vote on each ballot marked exhibit "A", "B", "H", "I", and "J".

In other words the contestor was entitled to receive a vote on all of the fourteen ballots about which there could be any question, except exhibit "K" on which no candidate was legally voted for.

The court finds that at the election in Union Township on November 6, 1945, for the office of township trustee: Thomas Blair Skeels received 56 votes, R. A. McCullough received 54 votes, Clifford Paulus received 52 votes, George Wise received two votes, and Robert Kinsey, Robert Stocker and Barney Carmack each received one vote.

The court therefore finds the issues in this case in favor of the contestor and judgment will be entered accordingly.